**Larry Lee TUCKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15614.**

Court of Criminal Appeals of Oklahoma.

April 7, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Larry Lee Tucker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Rape in the Second Degree; his punishment was fixed at twelve years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Marian Martin was 27 years old, married to Norman Martin and mother of Jeffery, seven years old and Stephen, four years old. She testified that after getting off work on April 1, 1969, she stopped at the Big Value Grocery at 23rd and Eastern in Oklahoma City, leaving her two children in the car. After shopping she returned to her car and as she was starting to drive off, a person, whom she identified in court as defendant, entered her car and said, "I've got the gun cocked on the boy's head and I'll shoot him if you don't start the car and drive where I tell you to, bitch." (R 202). She drove at defendant's direction, by a roundabout route to 30th and Lindsay, where defendant took over the wheel and put the gun at her neck. They drove out the Broadway Extension and turned off at about 81st West to Robinson and stopped. Defendant struck her on the chin a few times, removed her girdle and raped her in the front seat of the car. Defendant then drove north to a place short of Memorial Road, turned off on the shoulder; then forced her to remove all her clothing and again raped her in the front seat of the car meanwhile holding the pistol at her children who were in the back seat. Defendant then ordered her and the children out of the car. She reached for her shoes

and defendant told her to leave them. She testified that as she turned around defendant shot her and as she stumbled back toward the rear fender he shot her again. She denied knowing or having seen defendant before that night, denied ever having smoked marihuana, denied ever buying or giving defendant any clothing, and denied asking defendant to perform an unnatural sex act.

George Richmond testified that he lived in Edmond and that evening he was driving on Eastern about 9:30 p. m. He stopped upon seeing Mrs. Martin and her two sons in the road. She had blood all over her back from two wounds and he took them to an Edmond hospital. The location where he came upon them was on Eastern about three-quarters of a mile south of Memorial Road.

Mary Taylor testified she was defendant's sister and lived at 1125 Campbell Road in Oklahoma City. On several occasions in the latter part of March, 1969, Mrs. Martin would drive by the witness' home and honk, whereupon defendant would go out and visit in Mrs. Martin's car. On one occasion Mrs. Taylor was returning home and met Mrs. Martin going out the front door, defendant being the only person home at the time.

Henry Gaines testified that he was a friend of defendant's and on one occasion in late March, 1969, defendant was at Henry's house and someone drove by and honked and picked up defendant. The car resembled the type of car that Mrs. Martin drove.

Defendant testified that he was 14 years old, in the ninth grade of school and had known Mrs. Martin about ten days prior to April 1, 1969. He became acquainted with her when she picked him up and gave him a ride to his sister's house. She picked him up on several succeeding days at his sister's house. On one occasion she took him to his sister's house and upon learning that no one was home, asked to come in. She then produced some marihuana and taught him how to smoke it. They had one "joint" each and shared a third. She then disrobed and asked him to do the same. They then went in the bedroom and had sexual intercourse. She gave him a gold sweater and a pair of matching slacks. She picked him up on one occasion at Henry Gaines' house. On April 1, 1969, he met her at her request at the Big Value Grocery about 8:00 p. m., her children being in the car. She drove off and after a while asked him to drive. She said she was thinking of divorcing her husband. They smoked marihuana. She had him drive to 81st and Eastern and pull off the road. She had her two children stand in back of the car. She and defendant disrobed and had sexual intercourse in the front seat. She had him drive out Eastern, pull the car over to the roadside and they had sexual intercourse again, the children being sent behind the car. She asked him if he wanted to make some big money and grabbed him by the shoulders shoving him down between her legs, whereupon he struck her and she reached for the glove compartment. She got out of the car and he found a gun in the glove compartment and asked her what she was going to do with it. As he was trying to dress she pushed him. The gun accidently fired twice and he panicked and drove away. He gave the police two written statements which were admitted in evidence. Defendant denied having ever smoked marihuana before meeting Mrs. Martin, denied ever holding a gun on her children, and denied ever committing any unnatural sexual act with her.

Officer McMullin, of the Oklahoma City Police Department, testified that he arrested defendant and took him to the police station, having him in custody for about one and one-half hours before defendant's mother could be present. Defendant was interrogated in the presence of his mother, and wrote both confessions in his mother's presence. Prior to the interrogation defendant and his mother signed a "waiver" of rights against self-incrimination. McMullin denied suggesting anything to defendant about what should go in the con-

fession. The confessions were introduced into evidence during defendant's cross-examination, after defendant had testified about them on direct examination.

The defendant's first proposition contends that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The next proposition asserts that the punishment is excessive. We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. From the foregoing recital of facts we cannot say that the sentence of twelve years shocks the conscience of this Court.

The defendant's final proposition alleges that he could not receive a fair trial because of pre-trial publicity. The record does not support this contention. A very thorough and exhaustive voir dire of the jury failed to disclose any juror who had read anything that would have caused him to form any opinion of the case. The majority of the jurors stated that they did not recall having read of it. We further note that the defendant did not challenge a prospective juror for cause. The trial judge was very careful to instruct the jury to avoid reading or listening to reports of the trial. At the start of each trial day the trial court inquired of the jury if they had seen or heard anything in the news media which would affect their verdict. We, therefore, are of the opinion that this proposition is without merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal and are therefore of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.